## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
┌─────────────────────────────────┐
│                                 │
│  DARRELL J. PARKS,              │
│                                 │
│                 Plaintiff,      │
│                                 │
│         v.                      │
│                                 │
│  EDWARD F. REILLY, JR. et al.,  │
│                                 │
│                 Defendants.     │
│                                 │
└─────────────────────────────────┘
```

Civil Action 09-1270 (HHK)

### MEMORANDUM

This *pro se* prisoner action is before the Court on defendants' motion to dismiss [Dkt. No. 17] and plaintiff's motion to compel discovery [Dkt. No. 23]. By Order of February 2, 2010, plaintiff was advised to respond to defendants' motion by March 8, 2010, or risk dismissal of the complaint on what would be treated as a conceded motion. By Minute Orders of March 15, 2010, and April 29, 2010, the Court, granting plaintiff's motions, extended the time for him to respond; the latest deadline was June 24, 2010. Meanwhile, on April 16, 2010, plaintiff filed the pending motion to compel discovery that he claimed to have requested on December 30, 2009. Defendants have not responded to this motion.[1]

In any event, the two most recent orders mailed to plaintiff's address of record were returned to the Clerk as undeliverable. *See* Dkt. No. 27. Plaintiff has not complied with the

---

[1] Although plaintiff invokes Fed. R. Civ. P. 56(f), *see* Pl.'s Aff. in Support of Mot. to Compel at ¶ 7, he does not specify why he "cannot present facts essential to justify [his] opposition," Fed. R. Civ. P. 56(f), to the pending motion to dismiss. On a motion to dismiss, the Court must accept as true plaintiff's stated facts. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

requirement of Local Civil Rule 5.1(e) to maintain a current address and he has neither responded to the dispositive motion nor sought additional time to do so. Because the record is ambiguous as to whether plaintiff has conceded the motion to dismiss, the Court will not grant defendants' motion as conceded but will instead dismiss the case for failure to prosecute. A separate Order accompanies this Memorandum.

_____s/s_____
Henry H. Kennedy, Jr.
United States District Judge

Date: July 20, 2010

2